**FARID M. ROOH-PARVAR, Pro Se**
19220 East Pine Valley Drive
Queen Creek, AZ 85142
Telephone: (480) 717-2008
Email: drrooh@wellness1stimc.com
*Plaintiff Appearing Pro Per*

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
JUL 27 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **FARID M. ROOH-PARVAR, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**NEWLANE FINANCE COMPANY, a Pennsylvania corporation; RICHARD HARRIS, an individual; BLACK SHEEP CONSULTING GROUP, LLC d/b/a inSOLUTIONS, a Florida limited liability company; and SERGIO I. SCUTERI, an individual; together with JOHN AND JANE DOES 1–10; and ABC CORPORATIONS 1–10,**<br><br>Defendants. | Case No. 2:26-cv-04696-DWL<br><br>**FIRST AMENDED VERIFIED COMPLAINT**<br><br>(1) Arizona RICO — Conduct of Enterprise (A.R.S. § 13-2314.04)<br>(2) Arizona RICO — Conspiracy (A.R.S. § 13-2312)<br>(3) Fraudulent Inducement<br>(4) Breach of Contract<br>(5) Abuse of Process<br>(6) Bad-Faith Litigation (A.R.S. § 12-349)<br>(7) Civil Conspiracy<br>(8) Declaratory Judgment (A.R.S. § 12-1831 et seq.)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dr. Farid M. Rooh-Parvar ("Plaintiff" or "Dr. Rooh-Parvar"), appearing pro per, for his First Amended Verified Complaint against Defendants, alleges as follows:

## INTRODUCTION

1. This action arises from a multi-state racketeering enterprise that targeted Plaintiff — an Arizona-credentialed physician — through a fraudulent medical-equipment financing scheme. Defendants conspired to extract money from Plaintiff and approximately twelve (12) other physician practices nationwide through coordinated fraud, kickback-laden Medicare billing arrangements, abusive debt-collection litigation, false settlement representations to a pro se litigant, and the procuring of a Pennsylvania default judgment that Defendants now seek to enforce in Arizona.

2. The conduct began in May 2022 with Defendants' solicitation of Plaintiff in Arizona to purchase a "PIR Diabetic Desensitization Therapy System," continued through May 10, 2022 with an undisclosed one-day assignment of the resulting Equipment Lease, and accelerated in 2024 when Plaintiff lost his individual Medicare billing privileges for twenty-four (24) months as a direct result of Defendants' Anti-Kickback-Statute-violating billing structure. The same equipment became the subject of an FDA Class 1 recall in May 2024.

3. In 2025 and 2026, Defendant Sergio I. Scuteri, as litigation counsel for Defendant NewLane Finance Company, made a documented false statement of material fact directly to Plaintiff while Plaintiff appeared pro se, raced to default judgment against an unrepresented LLC sixteen (16) days after a Revised Case Management Order set trial for September 2026, and orchestrated multi-state post-appeal enforcement in violation of Pa.R.A.P. 1701(a) — including the April 8, 2026 domestication of the non-final Pennsylvania judgment in Maricopa County, Arizona Superior Court (Case No. CV2026-014823).

4. Plaintiff seeks compensatory damages, treble damages under Arizona RICO (A.R.S. § 13-2314.04), double damages and attorneys' fees for bad-faith litigation conduct (A.R.S. § 12-349), punitive damages, rescission, declaratory judgment, injunctive relief, and costs.

5. Plaintiff brings this action in his individual capacity. Wellness 1st Integrative Medical Center, LLC — the Arizona limited liability company through which Plaintiff conducts his medical practice — is not a named party because, under Arizona and federal law, an LLC cannot appear pro per. Plaintiff has individual standing because: (a) Plaintiff executed a Personal Guaranty in connection with the May 9, 2022 financing transaction; (b) Plaintiff is the credentialed physician whose individual Medicare billing privileges were lost; (c) Defendant Scuteri's December 3, 2025 false statement was made directly to Plaintiff; and (d) Plaintiff relied personally on Defendants' fraudulent representations made directly to him in May 2022.

## JURISDICTION, VENUE, AND RESERVATION OF REMAND

6. This action was commenced in the Superior Court of the State of Arizona in and for the County of Maricopa (Case No. CV2026-020891) and was removed to this Court on July 6, 2026 (assigned No. 2:26-cv-04696-DWL) on the asserted basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

7. Plaintiff contests the existence of complete diversity. The removing papers, and Plaintiff's own pleading, identify each limited-liability-company Defendant by its state of organization only, and not by the citizenship of its members, as required to establish the citizenship of an LLC. Plaintiff expressly reserves — and does not waive by filing this amended pleading — his motion to remand under 28 U.S.C. § 1447(c).

8. This First Amended Verified Complaint is filed as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B), within twenty-one (21) days after service of the first motion under Rule 12(b) in this action. Its filing is not a waiver of Plaintiff's pending or forthcoming motion to remand, is not a concession that subject-matter jurisdiction exists in this Court, and is not consent to this forum.

9. If, and only for so long as, the Court retains jurisdiction, venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred here, including the equipment installation, the loss of Plaintiff's Arizona-based medical practice revenue, and the loss of Plaintiff's individual Medicare billing privileges. The related foreign-judgment domestication action (CV2026-014823) is pending in Maricopa County, Arizona.

10. Personal jurisdiction over each remaining Defendant is proper and constitutionally sound. Each Defendant purposefully availed himself, herself, or itself of Arizona by, among other things:

(a) Defendants Black Sheep and Harris solicited an Arizona-based medical practice, transmitted false representations into Arizona, and contracted with an Arizona-credentialed physician;

(b) Defendant NewLane, as assignee of the equipment financing for an Arizona-based medical practice, pursued enforcement of judgment against Plaintiff in Maricopa County (CV2026-014823);

(c) Defendant Scuteri directed multi-state litigation strategy into Arizona, including coordinating the April 8, 2026 Arizona domestication filing and corresponding directly with Plaintiff at his Arizona residence.

11. The conduct alleged caused tortious injury within Arizona to an Arizona resident, satisfying the effects test of *Calder v. Jones*, 465 U.S. 783 (1984), as adopted in Arizona.

**PARTIES**

12. Plaintiff Farid M. Rooh-Parvar ("Dr. Rooh-Parvar" or "Plaintiff") is an individual residing in Maricopa County, Arizona. Plaintiff is a licensed physician (D.P.Sc., B.C.I.M., D.C., C.S.P.) and the President and sole member of Wellness 1st Integrative Medical Center, LLC, an Arizona limited liability company.

13. Defendant NewLane Finance Company ("NewLane") is, upon information and belief, a Pennsylvania-based equipment finance company that took assignment of the Equipment Lease Agreement at issue on May 10, 2022 and prosecuted the Pennsylvania litigation that resulted in the default judgment of $79,460.23 entered on January 21, 2026.

14. Non-party Reliant Capital, LLC ("Reliant") is the original lender that executed the Equipment Lease Agreement with Wellness 1st on May 9, 2022 and assigned all rights to NewLane one day later, on May 10, 2022, without Plaintiff's knowledge or consent. Reliant was named as a defendant in the original state-court action and was voluntarily dismissed without prejudice before removal; it is identified herein as a participant in the association-in-fact enterprise described below.

15. Defendant Richard Harris ("Harris") is the Owner / Co-Founder of Black Sheep Consulting Group, LLC. Harris personally solicited Plaintiff in May 2022, made the material misrepresentations alleged below, and personally guaranteed the program's success. Harris is, upon information and belief, a resident of Florida.

16. Defendant Black Sheep Consulting Group, LLC d/b/a inSOLUTIONS ("Black Sheep") is a Florida-based sales and marketing company that orchestrated the fraudulent equipment-financing scheme. Black Sheep filed Chapter 7 bankruptcy on July 19, 2024, in In re Black Sheep Consulting Group, LLC, M.D. Fla. Bankr. Case No. 3:24-bk-02089-JAF. Claims against Black Sheep are pleaded subject to the outcome of Plaintiff's pending Motion for Relief from the Automatic Stay (or, alternatively, may proceed as adversary claims in the bankruptcy court).

17. The PIR Diabetic Desensitization Therapy System, and the Nimbus infusion-pump components incorporated into it, were manufactured and supplied by a third party named herein as Doe 1. Upon information and belief, the manufacturing entity that made the May 2022 representations concerning the equipment is a predecessor-in-interest to, or affiliate of, a non-party intellectual-property-holding entity; Plaintiff will amend to name Doe 1 by its true name

when its identity is ascertained. In May 2024, the U.S. Food and Drug Administration issued an FDA Class 1 recall — the most serious recall classification under 21 U.S.C. § 360h — covering the Nimbus infusion pumps incorporated into the equipment sold to Plaintiff.

**18.** Defendant Sergio I. Scuteri, Esq. ("Scuteri") is an attorney admitted to the Pennsylvania Bar in 1989 (PA Bar No. 76934), practicing as a Shareholder at Capehart & Scatchard, P.A. in Mt. Laurel, New Jersey. Scuteri has served as litigation counsel for Defendant NewLane and made the December 3, 2025 false statement of material fact directly to Plaintiff alleged in this Complaint. Scuteri purposefully directed litigation conduct into Arizona by: (a) coordinating the April 8, 2026 Notice of Filing Foreign Judgment in Maricopa County (Case No. CV2026-014823); and (b) corresponding directly with Plaintiff at his Arizona address.

**19.** Defendants John and Jane Does 1–10 and ABC Corporations 1–10 are persons and entities whose identities are not yet known to Plaintiff and who participated in or facilitated the conduct alleged. Plaintiff will amend this Complaint to identify Doe defendants by their true names when their identities are ascertained.

## FACTUAL ALLEGATIONS

### A. The May 2022 Solicitation and Material Misrepresentations.

**20.** In May 2022, Defendants Black Sheep, through its principal Defendant Harris, solicited Plaintiff in Arizona to facilitate Plaintiff's medical practice's purchase of a "PIR (Peripheral Insulin Resistance) Diabetic Desensitization Therapy System."

**21.** In the course of the solicitation, Defendants Black Sheep and Harris made the following material representations directly to Plaintiff to induce him to enter into the financing transaction and execute a Personal Guaranty:

(a) The equipment was Medicare-reimbursable and FDA-compliant;

(b) The program would generate approximately $1.8 million in annual revenue, based on a written income forecast spreadsheet of $325 average reimbursement × 8–12 treatment chairs × 22 days per month;

(c) Black Sheep would provide full marketing and billing support to ensure revenue generation;

(d) The equipment was safe, effective, and clinically proven; and

(e) Defendant Harris personally guaranteed the program's success and promised to "assume responsibility" if Plaintiff was not satisfied.

**22.** Each of the foregoing representations was false when made, and Defendants Black Sheep and Harris knew or recklessly disregarded the falsity of each representation at the time of solicitation.

**23.** On May 9, 2022, in reliance on Defendants' material misrepresentations, Plaintiff caused Wellness 1st to execute an Equipment Lease Agreement with non-party Reliant Capital (Application No. 45574). Schedule B specified monthly payments of $1,694.81 following an initial six-month period of $99.00 payments. Plaintiff also personally executed a Personal Guaranty obligating him individually for the payment obligations under the Lease. The Personal Guaranty was procured through an electronic DocuSign process that contained hidden terms not disclosed during the solicitation.

**24.** On May 10, 2022 — one day after execution — Reliant assigned all rights under the Equipment Lease Agreement to Defendant NewLane. The assignment was made without Plaintiff's consent or knowledge.

**B. Equipment Failures, FDA Recall, and Loss of Medicare Privileges.**

**25.** Upon delivery in June 2022, one of the equipment's pumps was broken and defective. The equipment never performed as represented.

**26.** In May 2024, the U.S. Food and Drug Administration issued an FDA Class 1 recall — the most serious recall classification — covering the Nimbus infusion pumps that had been incorporated into the equipment sold to Plaintiff.

**27.** As a direct result of the fraudulent scheme orchestrated by Defendants Black Sheep and Harris, and the related billing structure imposed as a condition of financing, Plaintiff lost his individual Medicare billing privileges from February 2024 through February 2026 — a period of twenty-four (24) consecutive months.

**28.** Plaintiff's Medicare billing privileges are held in his individual name as the credentialed physician. The loss constituted a direct, personal injury to Plaintiff in his individual capacity, including loss of professional revenue, professional reputation, and the ability to provide patient care to Medicare beneficiaries.

29. Plaintiff is informed and believes, and on that basis alleges, that approximately twelve (12) other physician practices nationwide were victimized by the same Black Sheep / Harris fraudulent equipment-financing scheme.

**C. The Pennsylvania Litigation and Counsel Sequence.**

30. In or about September 2024, Defendant NewLane filed suit against Wellness 1st and Plaintiff in the Court of Common Pleas of Philadelphia County, captioned NewLane Finance Company v. Wellness 1st Integrative Medical Center, LLC and Farid M. Rooh-Parvar, Case No. 240902810 (September Term 2024) (the "PA Action").

31. Defendants Wellness 1st and Plaintiff were represented in the PA Action, in sequence, by: (a) Michele F. Cohen, Esq. — engaged early; conveyed settlement offers in the $5,000 and $10,000 range; representation terminated; (b) Faye Riva Cohen, Esq. — engaged thereafter, with Tyler J. Smith, Esq. as her associate; conveyed escalating settlement offers including $15,000 and $20,000; and (c) Pro se thereafter — following Faye Cohen's June 25, 2025 withdrawal for non-payment, Wellness 1st became structurally unrepresented under Pennsylvania law, and Plaintiff has proceeded pro se in his individual capacity.

**D. The April 2, 2025 Documented $20,000 Settlement Offer.**

32. On April 2, 2025 at 5:59:30 PM, Tyler J. Smith, Esq., of the Law Office of Faye Riva Cohen, P.C., sent an email directly to Defendant Scuteri stating, in pertinent part: "At this time, our client is willing to offer $20,000.00 to resolve this matter. The attached financial breakdown illustrates that the business is significantly underwater."

33. Mr. Smith's April 2, 2025 email included as an attachment a written financial breakdown ("WIC schedules.pdf") substantiating the $20,000 settlement offer. Defendant Scuteri received and read the email.

**E. The December 3, 2025 False Settlement Statement.**

34. On December 3, 2025 at 7:45 AM — eight (8) months after receiving the documented $20,000 settlement offer — Defendant Scuteri sent an email directly to Plaintiff (then proceeding pro se in Arizona) containing the following demonstrably false statement of material fact: "your former attorney never offered my client $20,000 to settle. In fact, they only offered $10,000 last December, which was rejected . . . so the offer could not be considered."

35. Defendant Scuteri's December 3, 2025 statement that "your former attorney never offered my client $20,000 to settle" was false when made and was known by Defendant Scuteri to be

false. The statement is directly contradicted by Mr. Smith's April 2, 2025 email, which Defendant Scuteri himself received eight months earlier.

**36.** The December 3, 2025 false statement was directed to a pro se litigant in Arizona who was without counsel and relied on Defendant Scuteri's representations in deciding how to respond to NewLane's continued litigation conduct.

**F. The January 2026 Race to Default Against an Unrepresented LLC.**

**37.** Following Faye Cohen's June 25, 2025 withdrawal, Wellness 1st was structurally unrepresented and unable to appear pro se under Pennsylvania law. Defendant Scuteri was on actual notice of the withdrawal.

**38.** On December 18, 2025, Defendant Scuteri obtained a contempt order against Defendants in the PA Action notwithstanding the LLC's unrepresented status.

**39.** On January 5, 2026, the Philadelphia Court of Common Pleas issued a Revised Case Management Order setting trial for September 2026.

**40.** On or about that same time, Defendants filed an Emergency Motion for Continuance, requesting time to obtain replacement counsel for the LLC.

**41.** On January 21, 2026 — sixteen (16) days after the Revised Case Management Order setting trial for September 2026, and while the Emergency Motion for Continuance was pending — default judgment of $79,460.23 was entered against Defendants in the PA Action.

**G. The March–April 2026 Post-Appeal Enforcement Campaign.**

**42.** On March 24, 2026, Defendants timely filed a Notice of Appeal from the default judgment. The appeal is now pending in the Superior Court of Pennsylvania at No. 868 EDA 2026.

**43.** Pa.R.A.P. 1701(a) provides that, after an appeal is taken, the trial court "may no longer proceed further in the matter."

**44.** Notwithstanding Pa.R.A.P. 1701(a), within fifteen (15) days of the Notice of Appeal, Defendant Scuteri caused or coordinated four post-appeal enforcement acts:

(a) March 29, 2026 — Writ of Execution issued, resulting in a $336.20 levy from Wellness 1st's Bank of America account;

(b) April 2, 2026 — Philadelphia trial court three-word order denying Defendants' Emergency Motion to Stay Execution;

(c) April 8, 2026 — second judgment by admission of $336.20 entered, converting the Bank of America levy into a separate Garnishee judgment; and

(d) April 8, 2026 — Notice of Filing Foreign Judgment filed in Maricopa County Superior Court, Case No. CV2026-014823, seeking to domesticate and enforce the non-final Pennsylvania judgment in Arizona.

**H. Material Misrepresentations in the Arizona Domestication Filing.**

**45.** The April 8, 2026 Notice of Filing Foreign Judgment in Maricopa County (Case No. CV2026-014823) contains material misrepresentations, including:

(a) Caption misidentification — the Notice identifies the Pennsylvania source case as "September Term 2025 No. 02810," when the correct caption is "September Term 2024 No. 02810"; and

(b) Bankruptcy-stay disregard — the Notice names Defendant Black Sheep in the caption notwithstanding Black Sheep's pending Chapter 7 bankruptcy (M.D. Fla. Bankr. Case No. 3:24-bk-02089-JAF) and the resulting automatic stay under 11 U.S.C. § 362.

**I. Defendants' Judicial Admissions and the Non-Final Status of the Pennsylvania Judgment.**

**46.** In moving to dismiss this action, Defendant NewLane asserts that the Pennsylvania default judgment was entered because Defendants "failed to defend." That assertion is contradicted by NewLane's own exhibit to its motion — Plaintiff's November 1, 2024 Answer, New Matter, and Cross-Claim filed in the PA Action — which establishes that Plaintiff appeared and defended, and that the theories of fraudulent inducement, unconscionability, and related affirmative claims were raised.

**47.** The Pennsylvania judgment is not final. It is the subject of a pending direct appeal at No. 868 EDA 2026. Moreover, the Arizona claims for abuse of process (Count V) and bad-faith litigation (Count VI) arise from post-judgment enforcement conduct — the March–April 2026 enforcement campaign and the April 8, 2026 Arizona domestication — that occurred after, and could not have been litigated in, the November 2024 Pennsylvania proceeding.

## CAUSES OF ACTION

### COUNT I

### ARIZONA RICO — CONDUCT OF ENTERPRISE

*A.R.S. §§ 13-2301, 13-2312, 13-2314, and 13-2314.04*

*(Against: All Defendants)*

**48.** Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**49.** Each Defendant is a "person" within the meaning of A.R.S. § 13-2301.

**50. Enterprise.** Defendants Black Sheep, Harris, NewLane, and Scuteri, together with non-party Reliant Capital, LLC and Doe 1, constitute an association-in-fact "enterprise" within the meaning of A.R.S. § 13-2301(D)(2), engaged in and affecting interstate commerce. The enterprise had an ongoing organization and functioned as a continuing unit with defined roles: Black Sheep and Harris as originating solicitor; Reliant as originating lender; NewLane as pre-arranged one-day assignee and collection arm; Scuteri as litigation-enforcement counsel; and Doe 1 as equipment manufacturer and supplier. The enterprise's common purpose was to extract money from medical providers — including Arizona-based providers — through fraudulent equipment-financing solicitation, pre-arranged assignment of the resulting paper, abusive debt collection, false settlement representations, racing to default judgments against unrepresented LLC defendants, and multi-state enforcement of the resulting judgments. The enterprise's structure and continuity are evidenced by the pre-arranged one-day assignment from Reliant to NewLane, the coordinated Pennsylvania-to-Arizona enforcement sequence, and the repetition of the same scheme against approximately twelve (12) physician practices nationwide.

**51. Pattern of Racketeering Activity.** Defendants engaged in a "pattern of unlawful activity" within the meaning of A.R.S. § 13-2301(D)(4), consisting of multiple predicate acts within the limitations period, including:

(a) Fraud schemes and artifices (A.R.S. § 13-2310) — the May 2022 solicitation, the May 9–10, 2022 lease/assignment sequence, the December 3, 2025 false statement, and the April 8, 2026 Arizona domestication misrepresentations;

(b) Theft by extortion (A.R.S. § 13-1804) — the post-appeal enforcement campaign coercing payment under threat of legal process the trial court no longer had authority to issue;

(c) Fraudulent schemes (A.R.S. § 13-2311) — the systematic execution of the equipment-financing scheme against multiple medical providers nationwide.

**52. Conduct.** Defendants conducted, or participated directly or indirectly in the conduct of, the enterprise's affairs through the pattern of unlawful activity within the meaning of A.R.S. § 13-2312.

**53. Injury.** Plaintiff suffered injury to his business or property as a direct and proximate result of Defendants' unlawful conduct, including: (a) personal liability under the Personal Guaranty in an amount exceeding $79,460.23; (b) loss of his individual Medicare billing privileges for twenty-four (24) months; (c) lost practice revenue; (d) impaired professional reputation; and (e) coerced legal defense costs across multiple jurisdictions.

**WHEREFORE,** Plaintiff requests: (a) compensatory damages; (b) treble damages pursuant to A.R.S. § 13-2314.04(A); (c) reasonable attorneys' fees and costs; (d) injunctive relief; and (e) such other relief as the Court deems just and proper.

---

## COUNT II

### ARIZONA RICO — CONSPIRACY

*A.R.S. § 13-2312*

*(Against: All Defendants)*

**54.** Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**55.** Defendants knowingly and willfully conspired with each other to violate A.R.S. § 13-2312 as alleged in Count I. The agreement is evidenced by, among other facts: the pre-arranged assignment of the Equipment Lease from Reliant to NewLane one day after execution and before any default or equipment delivery, demonstrating that Reliant agreed to originate and NewLane agreed to acquire and enforce the paper as part of a coordinated design; Black Sheep and Harris's agreement to supply the fraudulent solicitations that generated the financing paper; and Scuteri's agreement to, and performance of, the litigation-enforcement leg of the scheme.

**56.** Each Defendant agreed that at least one member of the conspiracy would commit at least two predicate acts in furtherance of the enterprise.

**57.** Defendants committed overt acts in furtherance of the conspiracy, including the one-day assignment, the Philadelphia collection suit, the December 3, 2025 false settlement statement, the January 2026 default judgment, the post-appeal enforcement campaign, and the April 8, 2026 Arizona domestication.

**58.** Plaintiff suffered injury to his business or property as a direct and proximate result of overt acts in furtherance of the conspiracy.

**WHEREFORE,** Plaintiff requests treble damages, attorneys' fees, costs, and injunctive relief pursuant to A.R.S. § 13-2314.04.

---

## COUNT III

**FRAUDULENT INDUCEMENT**

*(Arizona Common Law)*

*(Against: Black Sheep, Harris, and NewLane)*

**59.** Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**60.** Defendants Black Sheep and Harris made the material representations identified in ¶ 21 above directly to Plaintiff in May 2022 with knowledge of their falsity, with the intent to induce Plaintiff's reliance, and for the purpose of obtaining Plaintiff's signature on the Equipment Lease Agreement and the Personal Guaranty.

**61.** Defendant NewLane participated in or ratified the misrepresentations by accepting the assignment of the resulting financing rights with knowledge of, or reckless disregard for, the fraudulent inducement underlying the transaction.

**62.** Plaintiff justifiably and detrimentally relied on the misrepresentations in executing the Equipment Lease Agreement and Personal Guaranty.

**63.** Plaintiff suffered damages as a direct and proximate result of his reliance, including personal liability under the Personal Guaranty, lost practice revenue, and lost Medicare billing privileges.

**WHEREFORE,** Plaintiff requests compensatory damages, punitive damages, rescission of the Personal Guaranty, and such other relief as the Court deems just and proper.

---

## COUNT IV

**BREACH OF CONTRACT**

*(Arizona Common Law)*

*(Against: NewLane Finance Company)*

**64.** Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**65.** The Equipment Lease Agreement constituted a binding contract to which Defendant NewLane succeeded as assignee of the original lender. Plaintiff is a Personal Guarantor of, and a party bound by, that contract. As assignee, NewLane stands in the shoes of the original lender and took the Lease subject to Plaintiff's defenses.

**66.** Defendant NewLane, as assignee, breached the contract by, among other things: (a) failing to deliver functioning equipment as represented; (b) failing to honor representations regarding equipment performance, FDA compliance, and Medicare reimbursability; (c) taking the Lease by an undisclosed and unauthorized one-day assignment; and (d) charging amounts exceeding the contract terms.

**67.** Plaintiff suffered damages as a direct and proximate result of the breach, including personal liability under the Personal Guaranty and lost practice revenue.

**WHEREFORE,** Plaintiff requests compensatory damages, rescission, restitution, and such other relief as the Court deems just and proper.

---

## COUNT V

### ABUSE OF PROCESS

*(Arizona Common Law)*

*(Against: Sergio I. Scuteri and NewLane Finance Company)*

**68.** Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**69.** Defendants used legal process — including the December 18, 2025 contempt proceedings, the January 21, 2026 default judgment, the March 29, 2026 Writ of Execution, the April 8, 2026 second judgment by admission, and the April 8, 2026 Arizona domestication — for ulterior purposes and in a manner not proper in the regular conduct of proceedings.

**70.** Specifically, Defendants pursued: (a) a contempt order against an unrepresented LLC defendant; (b) a default judgment sixteen (16) days after a Revised Case Management Order set trial for September 2026, while a continuance motion was pending; and (c) post-appeal enforcement in violation of Pa.R.A.P. 1701(a), coordinated with cross-jurisdictional domestication in Arizona.

71. Defendants' ulterior purpose was to coerce payment, force settlement on disadvantageous terms, and inflict financial and emotional harm on Plaintiff while denying Plaintiff a meaningful opportunity to defend on the merits.

72. Plaintiff suffered damages as a direct and proximate result of Defendants' abuse of process.

**WHEREFORE,** Plaintiff requests compensatory damages, punitive damages, attorneys' fees, and such other relief as the Court deems just and proper.

---

**COUNT VI**

**BAD-FAITH LITIGATION CONDUCT**

*A.R.S. § 12-349*

*(Against: Sergio I. Scuteri and NewLane Finance Company)*

73. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

74. A.R.S. § 12-349(A) provides that the Court shall assess reasonable attorneys' fees, expenses, and double damages of not to exceed $5,000.00 against any attorney or party who: (1) brings or defends a claim without substantial justification; (2) brings or defends a claim solely or primarily for delay or harassment; (3) unreasonably expands or delays the proceeding; or (4) engages in abuse of discovery.

75. Defendants Scuteri and NewLane brought claims against Plaintiff in the Maricopa County Superior Court (CV2026-014823) without substantial justification, primarily for delay and harassment, and unreasonably expanded or delayed the proceedings.

76. Specifically, the April 8, 2026 Notice of Filing Foreign Judgment in Maricopa County contained material misrepresentations and was filed despite: (a) the underlying Pennsylvania judgment being non-final and on appeal at Pa. Super. Ct. No. 868 EDA 2026; and (b) Defendant Black Sheep being a Chapter 7 debtor protected by the federal automatic stay under 11 U.S.C. § 362.

77. The conduct continues to the present time, as Defendants continue to prosecute the domestication in CV2026-014823.

**WHEREFORE,** Plaintiff requests double damages, reasonable attorneys' fees, expenses, and costs pursuant to A.R.S. § 12-349.

---

**COUNT VII**

**CIVIL CONSPIRACY**

*(Arizona Common Law)*

*(Against: All Defendants)*

**78.** Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**79.** Defendants entered into agreements among themselves to commit unlawful acts, and/or to commit lawful acts by unlawful means, including: (a) the May 2022 fraudulent solicitation; (b) the May 10, 2022 undisclosed assignment; (c) the December 3, 2025 false settlement statement to a pro se Plaintiff in Arizona; (d) the January 21, 2026 race to default against an unrepresented LLC; and (e) the post-appeal multi-state enforcement campaign, including the April 8, 2026 Arizona domestication.

**80.** Defendants committed overt acts in furtherance of the conspiracy.

**81.** Plaintiff suffered damages as a direct and proximate result of the conspiracy.

**WHEREFORE,** Plaintiff requests compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

---

**COUNT VIII**

**DECLARATORY JUDGMENT**

*A.R.S. § 12-1831 et seq. (Arizona Uniform Declaratory Judgments Act)*

*(Against: All Defendants)*

**82.** Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**83.** An actual case or controversy exists between Plaintiff and Defendants regarding:

(a) The validity and enforceability of the Personal Guaranty in light of the fraudulent inducement;

(b) The legal effect of the Pennsylvania default judgment in light of its procedural defects, pending appeal, and the racketeering conduct alleged herein; and

(c) The legal effect of the Arizona domestication (CV2026-014823) in light of its caption misrepresentations and bankruptcy-stay disregard.

**84.** Plaintiff is entitled to a declaration of rights pursuant to A.R.S. § 12-1831 et seq.

**WHEREFORE,** Plaintiff requests a declaratory judgment that: (a) the Personal Guaranty is unenforceable as procured by fraud; (b) the Pennsylvania default judgment is the product of the racketeering enterprise alleged herein and is unenforceable in Arizona; (c) the Arizona domestication (CV2026-014823) is void or unenforceable; and (d) such other relief as the Court deems just and proper.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Farid M. Rooh-Parvar respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, awarding the following relief:

(a) Compensatory damages in an amount exceeding $300,000.00 or as proven at trial;

(b) Treble damages on Arizona RICO claims pursuant to A.R.S. § 13-2314.04;

(c) Double damages, reasonable attorneys' fees, expenses, and costs pursuant to A.R.S. § 12-349;

(d) Punitive damages on common-law fraud, abuse of process, and conspiracy claims, in an amount to be determined at trial;

(e) Rescission of the Personal Guaranty;

(f) Restitution and disgorgement of all amounts unjustly retained by Defendants;

(g) Preliminary and permanent injunctive relief enjoining Defendants from further enforcement of the Pennsylvania default judgment and the Arizona domestication in CV2026-014823;

(h) Declaratory judgment pursuant to A.R.S. § 12-1831 et seq., as set forth in Count VIII;

(i) Pre-judgment and post-judgment interest at the maximum lawful rate;

(j) Costs of suit and attorneys' fees as available under Arizona law; and

(k) Such other and further relief as the Court deems just and proper.

---

## JURY TRIAL DEMAND

**85.** Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

---

**RESPECTFULLY SUBMITTED this 20th day of July, 2026.**

/s/ Farid M. Rooh-Parvar

______________________________

**Farid M. Rooh-Parvar**
Plaintiff Appearing Pro Per
19220 East Pine Valley Drive
Queen Creek, AZ 85142
Telephone: (480) 717-2008
Email: drrooh@wellness1stimc.com

**VERIFICATION**

*(28 U.S.C. § 1746)*

I, Farid M. Rooh-Parvar, declare as follows:

**86.** I am the Plaintiff in the above-captioned action. I am an adult of sound mind and competent to make this Verification. The matters stated in this Verification are within my personal knowledge unless stated to be on information and belief.

**87.** I have read the foregoing First Amended Verified Complaint and know its contents.

**88.** The factual allegations set forth in the First Amended Verified Complaint are true and correct to the best of my personal knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of July, 2026, at Queen Creek, Arizona.

/s/ Farid M. Rooh-Parvar

__________________________________

**Farid M. Rooh-Parvar, Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing First Amended Verified Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered with the Court's CM/ECF system.

I further certify that, on the date set forth below, a copy was served by U.S. Mail and/or email on the following parties not registered with the Court's CM/ECF system:

Raeesabbas Mohamed, RM Warner PLC, 8283 N Hayden Road, Suite 229, Scottsdale AZ 85258, raees@rmwarnerlaw.com , 480-331-9397

Lema Mousilli, Mousilli Law, PLLC, 11807 Westheimer Road, Suite 550, PMB 624 Houston, TX 77077, lema@mousillilaw.com , 281-305-9313

Richard Harris and Black Sheep Consulting Group LLC, c/o its Chapter 7 Trustee, Gordon P. Jones, PO Box 600459, Jacksonville, FL 32260-0459

Maxwell Riddiough, Udall Law Firm, LLP, 4801 E Broadway Blvd, Ste 400, Tucson, AZ, 85711-3638, mriddiough@udalllaw.com, 520-623-4353

Jorge Franco & Joseph Brophy, Jennings Haug Keleher McLeod Waterfall, LLP, 2800 N Central Avenue, Ste 1800, Phoenix, AZ 85004-1049, jf@jkwlawyers.com, 602-234 -7800

DATED this 20th day of July, 2026.

/s/ Farid M. Rooh-Parvar

______________________________

**Farid M. Rooh-Parvar, Plaintiff Appearing Pro Per**