**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farid M Rooh-Parvar,<br><br>Plaintiff,<br><br>v.<br><br>NewLane Finance Company, et al.,<br><br>Defendants. | No. CV-26-04696-PHX-DWL<br><br>**ORDER** |

On May 18, 2026, *pro se* Plaintiff filed a complaint in Maricopa County Superior Court. (Doc. 1-2.) On July 6, 2026, one of the Defendants named in the complaint, Well Cell Global LLC ("Well Cell"), filed a notice of removal, identifying diversity jurisdiction as the sole basis for removal and certifying that no Defendant had been served. (Doc. 1 ¶¶ 3, 5, 15.) Between July 13-15, 2026, three Defendants—Well Cell, Sergio I. Scuteri ("Scuteri"), and NewLane Finance Company ("NewLane")—filed motions to dismiss the complaint. (Docs. 9-11.) Finally, on July 27, 2026, Plaintiff filed a First Amended Complaint ("FAC") (Doc. 14) and a motion to allow electronic filing by a party appearing without an attorney (Doc. 15).

Under Federal Rule of Civil Procedure 15(a)(1), it was permissible for Plaintiff to file the FAC as a matter of course, as the FAC was filed within the timeframe provided by the Rule. As a result, the three pending motions to dismiss the original complaint are denied as moot. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original,

the latter being treated thereafter as non-existent.  Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist.  Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.") (citations omitted).

With that said, Plaintiff did not fully comply with LRCiv 15.1(b) when filing the FAC.  Under that provision, "[i]f a party files an amended pleading as a matter of course . . . , the amending party must file a separate notice of filing the amended pleading.  The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added."  Here, although Plaintiff filed a notice that included, as an attachment, a three-page document indicating, via struck-through text to indicate deletions and underlined text to indicate additions, "every material amendment made to that pleading," the local rule contemplates a full "copy" of the amended complaint, with the struck-through text and underlining appearing within the context of the full draft (which, in the case of the FAC, is 19 pages long).  Nevertheless, Plaintiff, who is proceeding pro se, made a good faith effort to comply with LRCiv 15.1(b), and the notice and attachment are organized well enough to accomplish the main goal of the local rule (facilitating Defendants' review of the amendments to determine the extent to which their responses to the amended complaint should differ from their responses to the original complaint).  Further amendments, if any, must incorporate the struck-through and underlined text into the document as a whole.

Finally, Plaintiff's motion to allow electronic filing is granted.

Accordingly,

**IT IS ORDERED** that:

1.    The motions to dismiss (Docs. 9-11) are **denied as moot**.

2.    Plaintiff's motion to allow electronic filing by a party appearing without an

attorney (Doc. 15) is **granted** in this case only.  The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.  Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

Dated this 30th day of July, 2026.

Dominic W. Lanza
United States District Judge

- 3 -