**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Farid M M. Rooh-Parvar,<br>Plaintiff,<br>v.<br>NewLane Finance Company, et al.,<br>Defendants. | No. CV-26-04696-PHX-DWL<br>**ORDER** |

Pending before the Court is Plaintiff's motion for leave to serve Defendants Richard Harris and Black Sheep Consulting Group, LLC via alternative means. (Doc. 18.)

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, and Rule 4(h) provides that a domestic corporation, a foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name may be served in a judicial district of the United States in the same manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4.1(k) of the Arizona Rules, in turn, provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in

which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

The standard for showing impracticability is not terribly high, but in this case, it is not clear that service by traditional means would be extremely difficult or inconvenient because Plaintiff's motion does not establish (1) that Plaintiff has attempted to serve Black Sheep Consulting Group, LLC via its registered agent, Thomas A. LeBeau or (2) that Plaintiff has attempted to serve Richard Harris at the address for him listed with the State of Florida: 1850 Brookdale St, Yorktown Heights, FL 10598.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to serve Defendants Richard Harris and Black Sheep Consulting Group, LLC via alternative means (Doc. 18) is **denied without prejudice**.

Dated this 7th day of August, 2026.

Dominic W. Lanza
United States District Judge

[1] The Court takes judicial notice of the State of Florida's publicly available records for Black Sheep Consulting Group, LLC, *available at* https://dos.fl.gov/sunbiz/search/.