**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Farid M M. Rooh-Parvar,

Plaintiff,

v.

NewLane Finance Company, et al.,

Defendants.

No. CV-26-04696-PHX-DWL

**ORDER**

On May 18, 2026, *pro se* Plaintiff filed a complaint in Maricopa County Superior Court. (Doc. 1-2.) The complaint named six defendants: (1) NewLane Finance Company ("NewLane"); (2) Reliant Capital, LLC ("Reliant"); (3) Richard Harris ("Harris"); (4) Black Sheep Consulting Group, LLC ("Black Sheep"); (5) Well Cell Global ("Well Cell"); and (6) Sergio Scuteri ("Scuteri"). (*Id.* ¶¶ 7-12.)

On July 6, 2026, Well Cell filed a notice of removal. (Doc. 1.) It alleges that diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. (*Id.* ¶¶ 5-16.) More specifically, as for the citizenship of the parties, the removal notice alleges that Plaintiff is a citizen of Arizona (*id.* ¶ 6); Well Cell is an LLC, and thus takes on the citizenship of its members, and its members (all of whom are individually identified) are citizens of Texas, Utah, and Florida (*id.* ¶ 7); NewLane is, "[u]pon information and belief," a corporation that is incorporated in Pennsylvania, has its principal place of business in Pennsylvania, and thus a citizen of Pennsylvania (*id.* ¶ 8); Reliant is, "[u]pon information and belief," an LLC and its unspecified members are all

"citizens of California" and not citizens of Arizona (*id.* ¶ 9); Harris is, "[u]pon information and belief," a citizen of a state other than Arizona (*id.* ¶ 10); Black Sheep is, "[u]pon information and belief," an LLC and none of its unspecified members are citizens of Arizona (*id.* ¶ 11); and Scuteri is, "[u]pon information and belief," a citizen of New Jersey (*id.* ¶ 12).

On July 27, 2026, Plaintiff filed the First Amended Complaint ("FAC"). (Doc. 14.) The FAC drops Well Cell and Reliant as defendants. (*Id.* ¶¶ 12-19.) The FAC also "contests the existence of complete diversity." (*Id.* ¶ 7.)

On August 7, 2026, Plaintiff filed a motion to remand, asserting a procedural defect as well as a failure to establish subject-matter jurisdiction. (Doc. 23.) In response, Scuteri and NewLane (together, "Defendants")[1] argue, among other things, that the motion to remand was untimely, such that Plaintiff has forfeited the ability to challenge any procedural defect. (Doc. 28 at 3.) In reply, Plaintiff concedes that his motion was untimely and expressly withdraws his arguments regarding the procedural defect (Doc. 33), such that the only issue remaining for the Court's consideration is subject-matter jurisdiction.

To that end, Plaintiff argues the removal notice fails to sufficiently allege the citizenship of the LLC defendants because it does not specifically identify each LLC defendant's members and affirmatively allege each member's citizenship. (Doc. 23 at 5.) "Plaintiff does not contend that this record affirmatively establishes the presence of an Arizona member. Plaintiff's position is the one the statute assigns him: the removing party bore the burden of establishing complete diversity as of the date of removal and did not do so." (*Id.* at 5-6.) In response, Defendants argue the removal notice did, in fact, specifically identify each of Well Cell's members and affirmatively allege their citizenship. (Doc. 28 at 6.) As for Black Sheep, Defendants argue that under *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014), it is permissible for a removing defendant to plead the citizenship of an LLC co-defendant on information and belief, as Well Cell

[1] Scuteri and NewLane are the only defendants named in the FAC who have appeared.

did here. (*Id.* at 6-9.) Alternatively, Defendants argue that any deficiency in the removal notice's allegations concerning Black Sheep is irrelevant because Black Sheep was in bankruptcy at the time the complaint was filed, a circumstance that implicates the fraudulent joinder doctrine. (*Id.* at 9-10.) In reply, Plaintiff "does not dispute" the general rule that a removing defendant may allege a co-defendant's citizenship on information and belief but argues that once, as here, "citizenship is put at issue, the removing party must establish it." (Doc. 33 at 4.) Plaintiff also disputes the contention that he engaged in fraudulent joinder by naming Black Sheep as a defendant. (*Id.* at 4-6.)

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. . . ." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (cleaned up). "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* at 1121 (cleaned up).

The arguments Plaintiff sets forth regarding subject-matter jurisdiction appear to mount a facial attack. Plaintiff asserts that the removal notice "alleged only the States in which the LLC Defendants were organized," which is "legally insufficient" because "an LLC's State of organization does not determine its citizenship; the citizenship of its members does." (Doc. 23 at 5.) Plaintiff further asserts that the removal notice "alleged nothing about the citizenship of Black Sheep or Well Cell" because it failed to identify the members of those LLCs. (*Id.*) Plaintiff also suggests that the allegations in removal notice regarding citizenship were not keyed to the date of removal. (*Id.*)

As for Well Cell, these challenges are meritless. It is true that "an LLC is a citizen

of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, the general rule is that to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). But the notice of removal does this as to Well Cell:

> Well Cell's members, and their citizenship, are (a) Scott A. Hepford, an individual and a citizen of Texas; (b) Dr. Roy H. Hinman II, an individual and a citizen of Florida; (c) Glenn Massey, an individual and a citizen of Texas; (d) Tandemlove, P.C., a professional corporation organized under the laws of Utah with its principal place of business in Utah, and therefore a citizen of Utah; and (e) The Bosarge Family Foundation, a Texas nonprofit corporation with its principal place of business in Houston, Texas, and therefore a citizen of Texas.

(Doc. 1 ¶ 7.) Each member of Well Cell is identified and the citizenship of each member is properly alleged.

As for Black Sheep, the analysis is more complicated. The removal notice alleges:

> Upon information and belief, [Black Sheep] is a limited liability company organized under the laws of Florida with its principal place of business at 1 St. Johns Medical Park Drive, St. Augustine, Florida. Its identified managers are Thomas A. LeBeau (St. Augustine, Florida) and Richard Harris (listed at Yorktown Heights, New York). Upon information and belief, no member of Black Sheep is a citizen of the State of Arizona, and Black Sheep is not a citizen of Arizona. Black Sheep is pleaded to be a Chapter 7 debtor.

(*Id.* ¶ 11.) The first sentence of this paragraph is unhelpful in assessing Black Sheep's citizenship because an LLC "'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC*, 840 F.3d at 612. The second sentence fares no better, for two reasons. First, although it alleges that Black Sheet has two identified "managers," LeBeau and Harris, it does not allege that those two individuals are also Black Sheep's "members." *Neuport Associates, LLC v. Newton*, 2016 WL 7176573, *2 (C.D. Cal. 2016) ("[T]he citizenship of an LLC's managers is irrelevant when determining its citizenship, unless the managers are members as well."). Second, at any rate, the second sentence does not allege that LeBeau is a citizen of Florida or that Harris is a citizen of New York—merely placing the names of cities and states in parentheses is not equivalent to an affirmative allegation of citizenship.

This leaves the third sentence, which alleges that Black Sheep's unspecified members are not citizens of Arizona and, thus, Black Sheep is not a citizen of Arizona. At first blush, this sentence seems insufficient, as the rule in the Ninth Circuit is that, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In *Kanter*, the removing defendant "did not affirmatively allege the state of citizenship" for three of the corporate defendants; "it merely alleged that they were not citizens of California." *Id.* The Ninth Circuit stated that the district court's concern over the sufficiency of these allegations was "a legitimate issue" before proceeding to analyze "a more serious pleading defect" (i.e., pleading the state of residency, rather than the state of citizenship, of the individual plaintiffs). *Id.* at 857-58.

*Kanter* does not end the analysis because, as noted, the Ninth Circuit recognized in that case that an affirmative allegation of another party's citizenship may be unnecessary in "unusual circumstances." Thirteen years later, in *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082 (9th Cir. 2014), the Ninth Circuit addressed such an unusual circumstance. There, Carolina (the party seeking to invoke federal jurisdiction) stated "that it was unable to determine the citizenship of" certain LLC defendants "because their organizational filings did not list their members" and thus alleged, on information and belief, "that the members of the LLCs were 'citizens of neither Iowa nor Florida.'" *Id.* at 1085. The district court dismissed, "fault[ing] Carolina for not being able to specify the citizenship of the members of the LLCs and [holding] that it was insufficient to allege simply that they were not citizens of Iowa or Florida." *Id.* at 1085-86. The Ninth Circuit reversed, explaining that "where the facts supporting jurisdiction are not reasonably ascertainable"—such as where one party makes efforts to determine an LLC party's citizenship but is "unable to do so from publicly available information" and "at least some of the information necessary to establish the diversity of the parties' citizenship" is in another party's control—allegations may be pleaded "on the basis of information and belief." *Id.* at 1087. Additionally, and as relevant here, the court further held that "in this

situation it was sufficient for Carolina to allege simply that the defendants were diverse to it." *Id.*

Given those principles, the third sentence of paragraph 11 of the removal notice was sufficient. Although it does not affirmatively identify the members of Black Sheep or affirmatively allege their citizenship, it does allege on information and belief that no member is a citizen of Arizona—an allegation that is sufficient to establish complete diversity when coupled with the other allegations in the removal notice. Although this negative pleading approach may be insufficient under *Kanter* in a case involving a corporate co-defendant whose citizenship details are readily ascertainable, it is permissible under *Carolina* in the circumstance of an LLC co-defendant whose membership details are not reasonably ascertainable. *See also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d Cir. 2015) ("The decision of the Ninth Circuit [in *Carolina*] is consistent with our view that a plaintiff need not affirmatively allege the citizenship of each member of a defendant LLC if it is unable to do so after a reasonable investigation. If the plaintiff is able to allege in good faith that the LLC's members are not citizens of its state of citizenship, its complaint will survive a facial challenge.").

As a final matter, Plaintiff's reply brief asserts that his motion is intended to be "a factual or as-applied" challenge." (Doc. 33 at 2.) A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite*, 749 F.3d at 1121. Had Plaintiff raised a proper factual attack, this would have created a corresponding burden of production. *Id.* ("Because plaintiffs have raised a factual attack on Crane's jurisdictional allegations, Crane must support its allegations with competent proof."). But Plaintiff did not raise a proper factual attack here. Although a party mounting a factual attack on the jurisdictional allegations in a removal notice need not "introduce evidence outside the pleadings," that party still must "mak[e] a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). Plaintiff has not offered any such reasoned argument. Indeed, Plaintiff makes no argument at all about why any member of

any of the LLC defendants may be a citizen of Arizona. No further inquiry is required under these circumstances. *Cf. Correa v. Soho House & Co.*, 2024 WL 4905197, *2 (C.D. Cal. 2024) (concluding that a motion to remand that failed to offer a "reasoned argument as to why any assumptions on which [the] jurisdictional allegations are based are not supported by evidence" effectively "amount[ed] to a facial attack").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 23) is **denied**.

Dated this 16th day of October, 2026.

Dominic W. Lanza
United States District Judge